# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

ANTONIO ANTONIO RODAS (A-No. 222-615-465),

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

Case No. 1:26-cv-07704-JLT-EGC

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 2)

Before the Court is Antonio Antonio Rodas's motion for a temporary restraining order (TRO) (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that petitioner is detained under 8 U.S.C. § 1226(a). (Doc. 7.) For the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.[1]

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of the habeas petition. (Doc. 4.) Respondents do not request a hearing or further briefing and instead indicate that the habeas petition "should be denied." (Doc. 7 at 1–4.) Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying habeas petition on the current record.

## I. FACTUAL BACKGROUND

Petitioner is from Guatemala. (Doc. 7-1 at 1.) Petitioner entered the United States at an unknown date and time and was not encountered by immigration officials upon entry. (*Id*. at 2; *see* Doc. 7-2 at 1) On August 30, 2015, Petitioner was arrested for driving under the influence (DUI). (Doc. 7-1 at 3.) The disposition for this offense is unknown. (*See id*.) On October 17, 2023, Petitioner was again arrested and convicted of driving while under the influence, for which he served a sentence. (*See id*. at 2–3.) Apart from these two offenses, Petitioner has no other criminal history. (*Id*.) On August 28, 2026, Immigration and Customs Enforcement arrested the Petitioner during a targeted enforcement action. (*Id*. at 2.) According to the I-213, ICE conducted a consensual encounter with Petitioner and determined he was unlawfully present. (*Id*.)

After his arrest, Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (Doc. 7-2 at 1–4.) DHS also issued a Notice of Custody Determination notifying Petitioner that he was being detained pending a final administrative determination in his case. (Doc. 7-4 at 1.) DHS subsequently transferred Petitioner to the California City Detention Facility, where he remains. (Doc. 1 at 1.) Petitioner is not currently subject to a final order of removal.[2]

On September 21, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 6.) On September 30, 2026, Respondents filed an opposition arguing that Petitioner is detained under 8 U.S.C. § 1226(a) but "do not despute that Petitioner is entitled to [] a custody re-determination hearing" and that "Petitioner's habeas petition can be treated as a request for a bond hearing." (Doc. 7 at 2.)

///

[2] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that Petitioner's removal proceedings began around September 2026, and that Petitioner's removal proceedings are ongoing with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited October 2, 2026).

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

As Respondents concede, and pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a) governs Petitioner's detention. *See also R.P.V.*, *v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment and that Petitioner is entitled to a bond hearing under 8 USC § 1226(a). The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026) regarding an initial custody determination. Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above.
2. The motion for temporary restraining order (Doc. 2) is **DENIED** as **MOOT**.
3. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.
4. Thereafter, if Petitioner is not released, and no arrest warrant has been issued,

Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained.

5. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

6. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

7. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

8. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: October 4, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE